David T. YATES, Appellant

v.

Jackie YATES, Appellee.

David T. Yates, Appellant

v.

Jackie Yates, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 2, 2007.

Filed Nov. 20, 2007.

Howard J. Bashman, Willow Grove, for appellant.

Charissa J. Liller, New Hope. for appellee.

BEFORE: DANIELS, J., McEWEN, P.J.E. and JOHNSON, J.

OPINION BY DANIELS, J:

■ ¶ 1 These are consolidated appeals from orders entered in connection with custody and other supervisory arrangements regarding A.Y., a minor who was born on November 12, 2000. David Yates, Appellant and natural father of A.Y., appeals from two orders entered February 15, 2007, and from another order [1] entered on March 15, 2007.

¶ 2 The salient facts and checkered procedural course of this matter is as follows. The battle for custody of A.Y. began in 2002. The battle has been intense, involving many hearings in open court, as well as many settlement conferences. By late 2006, the parties had identified physical custody as a critical matter and had, to some extent at least, agreed to basic terms of physical custody and further agreed that, given the unrelentingly contentious relationship between the parents of A.Y., a highly detailed final custody order would be required. The lower court then directed the parties to submit proposed terms for such a detailed custody order. The

---

1. The order entered on March 15, 2007 granted in part and denied in part Appellant's motion for reconsideration. To the extent the lower court granted Appellant's motion, said order was appealable. Pa. R.A.P. 1701(b)(3). Accordingly, when notice of appeal of the March 15, 2007 order was initially received by this Court (under cover of a letter from counsel acknowledging the relationship with other pending matters), we were obliged to presume that Appellant was seeking to appeal from the order to the extent it granted his motion for reconsideration. Therefore, we consolidated the appeal from the March 15, 2007 order with the appeal from the orders entered February 15, 2007, rather than quashing it. Now that we have reviewed the certified record and the briefs of the parties, we conclude that Appellant has raised no issues on appeal relating to the March 15, 2007 order's partial grant of Appellant's motion for reconsideration. Accordingly, we will quash.

lower court's review of the parties' proposals revealed, perhaps predictably, certain points of agreement and certain points of disagreement. A hearing was held on February 2, 2007 in order to allow each parent an opportunity to present the merits of their respective proposals to the court before the court entered a final custody order.

¶ 3 At the February 2, 2007 hearing, Appellant began by urging that the level of cooperation between the parties was insufficient to allow shared legal custody, noting that Appellee objected to Appellant's proposed annual meetings to review the ongoing vitality of the custody arrangements as A.Y. matures, and preferred that the court appoint a parent coordinator, and, thereafter, proceeded to articulate other, more detailed, issues of disagreement. (N.T., 2/2/07, pp. 5–21). Appellee's presentation substantially tracked that of Appellant, reinforcing the reasons for Appellee's disagreement with various terms proposed by Appellant, and familiarizing the court with the concept of appointing a parent coordinator to settle day-to-day parenting disputes. (N.T., 2/2/07, pp. 21–39).

¶ 4 The lower court then had the parties placed under oath and addressed them as follows:

THE COURT: All right. Here is the proposal. And I want you both to listen very carefully to the proposal. The proposal is, number one, that *you both agree in principal* right here and right now *that as it relates to physical custody, father has primary physical custody* and that generally for right now—and this order is not going into effect until I sign it, but I want to get this on the record, and that generally subject to father's primary physical custody, mother will have visitation every other weekend and every—that is an overnight,

unsupervised. And once a week, I think the parities agreed on Tuesday, not an overnight, just an afternoon/evening visit. That is number one.

Number two, *all of the details regarding that proposal will be decided by this Court,* including the times, places of pick up and delivery, holiday visits, whether there will be a parent coordinator, and all of the details that surround a custody order including, again, but not limited to who will have legal custody of [A.Y.] The parties further agree that their lawyers have made submissions, very thorough submissions, I might add, to the Court as to how the details of the entire order should be worked out.

. . .

*Mr. Yates, do you understand what I just said?*

MR. YATES: *Yes, I do.*

. . .

[The parties then agreed, at Appellant's request, to no corporal punishment of A.Y.]

. . .

THE COURT: It is agreed. Let me make sure I got it. All right. So with the understanding, Mr. Yates, that there is an agreement that will be made part of whatever order eventually comes out of this that there will be no corporal punishment, *do you agree with the proposal as I recited?*

MR. YATES: *I do.*

. . .

THE COURT: *Miss Yates, did you understand the terms of the proposal I recited?*

MRS. YATES: *Yes, I do.*

. . .

THE COURT: *And you agree to those terms?*

MRS. YATES: *Yes, sir.*

**THE COURT:** What I will do, then, is we have that clear and on the record. And I will ask the court reporter to have that transcribed forthwith. That will be made a part of the final order that I will issue, and I hope to have that order finished forthwith. . . .

And I say parenthetically I think this is a very good decision on everyone's part to short-circuit what—it seemed like we were not even halfway done this litigation, and it is a good sign that everyone has come to their senses a little bit. We are adjourned. Have a nice weekend.

(N.T., 2/2/07, pp. 39–44) (Emphasis Added).

¶ 5 As promised, the lower court incorporated a full transcript of the February 2, 2007 hearing into the final custody order of February 15, 2007 by attachment. Appellant moved for reconsideration, which the lower court denied in part in its order entered March 15, 2007. Appellant filed two timely appeals, one from the February 15, 2007 orders, and another from March 15, 2007 order, which had granted Appellant's motion for reconsideration in part.[2]

¶ 6 On appeal, Appellant argues that he did not, at the February 7, 2007 hearing, nor at any other time, agree to shared legal custody of A.Y., agree to the appointment of a parent coordinator, agree to attend co-parent counseling, or agree

that the lower court's orders were not subject to review. In its opinion, filed pursuant to Pa.R.A.P.1925(a), the lower court declines to reach Appellant's custody issues, stating, in essence, that Appellant pre-agreed, at the February 7, 2007 hearing, to all terms of the court's then-forthcoming orders. With this last observation, we cannot agree.

¶ 7 The court below is certainly correct in observing that where a custody agreement between parties is incorporated into a court order that agreement becomes as binding upon the parties as any other portion of the court's order. *Daniel K.D. v. Jan M. H.*, 301 Pa.Super. 36, 446 A.2d 1323 (1982) (citing Pa.R.C.P.1915.7[3]). However, such is not the case here. As those portions of the February 7, 2007 hearing excerpted above make clear, the parties got no further in achieving agreement than assenting to certain of the basic terms of physical custody and the prohibition of corporal punishment. The respective proposals of the parties, as we noted above, contained major areas of disagreement. These areas of discord were not then negotiated to some mutual agreement between the parties, either on the record or by means of a writing that was then incorporated into the lower court's order as is contemplated by Pa.R.C.P.1915.7.[4] Consequently, we cannot agree with the lower court that the custody issues Appellant raises on appeal need not be ad-

2. See footnote 1, *supra*.

3. Pa.R.C.P.1915.7 provides:
   If an agreement for custody, partial custody or visitation is reached and the parties desire a consent order to be entered, they shall note their agreement upon the record or shall submit to the court a proposed order bearing the written consent of the parties or their counsel.

4. We are mindful that it is long-settled law in this Commonwealth that a court may not dis-

turb a consent decree in the absence of fraud, accident, or mistake, but must question, without deciding, whether, even to the extent that the parties here did agree to actual custody terms on the record, whether the law as to consent decrees generally, would not, in the child custody context, give way to the absolute principle that the well-being of the child is the paramount concern, were those principles to conflict. *See Bianchi v. Bianchi*, 859 A.2d 511 (Pa.Super.2004); *Tripathi v. Tripathi*, 787 A.2d 436 (Pa.Super.2001).

dressed because Appellant has already agreed to their terms. Custody Court Opinion, 5/30/07, p. 6. Particularly in the context of a custody dispute in which the record reveals previous contumacious conduct by at least one of the parents, the lower court's having placed the parties here under oath and extracted their agreement to be bound by whatever terms the court eventually ordered does not function to enlarge the scope of the agreement between the parties, or to "short-circuit" the judicial process. (N.T., 2/2/07, p. 44). Nor would the law permit a court-imposed waiver of a litigant's appeal rights "in the blind". Thus, the lower court erred by failing, both in the orders appealed from and in its 1925(a) opinion, to state its findings and reasoning as to the substantive custody matters raised by Appellant. Accordingly, we remand with directions to the lower court to file, within thirty days, an opinion setting forth its findings and reasoning as to the matters about which Appellant complains on appeal.[5] Pa.R.A.P. 1925(a).

■ ¶8 We wish to add that we understand the well-intentioned motivation of the court below to be a strong desire to spare A.Y. any further uprooting or further trauma as a result of these ongoing custody proceedings. Custody Court Opinion, 5/30/07, p. 6 (quoting *Witmayer v. Witmayer,* 320 Pa.Super. 372, 467 A.2d 371, 374 (1983)). Nevertheless, the law's favorable view of custody agreements cannot be honored by having a court declare that agreements have been reached on custody and supervision issues when they have not. Moreover, we do not say today that any of the lower court's factual conclusions are unreasonable in view of its factual findings, or that the court abused

its discretion in deciding the substantive custody matters before it. *See Tripathi,* 787 A.2d at 438–39. Rather, we say only that we need more specific factual findings and conclusions of law from the lower court as to the substantive custody issues involved in order to allow this Court to perform a meaningful review of the lower court's orders, and to appropriately and thoroughly consider the appellate rights of both parents.

¶9 Appeal from the order of March 15, 2007 quashed. All other matters remanded with direction to the court below to file, within thirty days, an opinion addressing the matters complained of on appeal. Panel jurisdiction retained.

5. At oral arguments heard on October 2, 2007, counsel for Appellant and counsel for Appellee both agreed that they had no objections to the lower court's preparing the opinion we direct here on the basis of the present record, without need for any further hearings.